Edward Misleh SBN 273645
The Law Offices of Edward Misleh APC
615 Tenth Street
Sacramento, California 95814
Telephone:  (916) 443-1267
ed@edwardmisleh.com

Attorneys for Plaintiff:
Paul Singh and Andrea Singh

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SINGH AND ANDREA SINGH,<br><br>      Plaintiff,<br><br> v.<br><br>LOWE'S HOME CENTERS, LLC, and DOES 1 to 50, Inclusive,<br><br>      Defendant | Case No.:  2:18-cv-00445-WBS-AC<br>Assigned to the Hon. William B. Shubb<br><br>[*Sutter County Superior Court; Case No.: CVCS17-0001866*]<br><br>**PLAINTIFFS' POINTS OF AUTHORITY IN SUPPORT OF MOTION TO REMAND IN RESPONSE TO DEFENDANT LOWE'S HOME CENTERS, LLC NOTICE OF REMOVAL OF ACTION**<br><br>**Date:**  May 14, 2018<br>**Time:**  1:30 pm<br>**Courtroom:** 5<br>     U.S. District Court<br>     501 I Street, 14th Floor<br>     Sacramento,  CA  95814 |

## I. BACKGROUND

On February 27, 2018 Defendant Lowe's filed a Notice of Removal of Action of this case.  In their pleading they asserted 28 U.S. Code § 1441(b) Removal Based on Diversity (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

PLAINTIFFS POINTS OF AUTHORITY IN SUPPORT MOTION TO REMAND

1

## II. LEGAL ARGUMENT

Plaintiffs' Motion to Remand in Response to Defendant Lowe's Home Centers, LLC (herein referred to as "Lowe's"] Notice of Removal of Action pursuant to the findings in *Gary Bryant, Plaintiff-appellant, v. Ford Motor Co., Defendant-appellee, 844 F.2d 602 (9th Cir. 1988)* (herein referred to as "*Gary v. Ford*") where the United States Court of Appeals for the Ninth Circuit concluded that a district court lacked jurisdiction over an action because of the presence of valid Doe defendants at the time of removal from state court.

In *Gary v. Ford*, the Court held that because the Doe defendants in the complaint were real but unidentified people or entities, the district court could not determine whether they would defeat diversity jurisdiction once identified. The general rule has been that the naming of Doe defendants defeats diversity jurisdiction and, therefore, district courts should remand cases containing allegations against Doe defendants to state court. [See, e.g., *Othman v. Globe Indem. Co*., 759 F.2d 1458, 1462-63 (9th Cir. 1985)]. This general rule has become riddled with exceptions, however. An action need not be remanded to state court in at least five situations: (1) when named defendants prove that the Doe defendants as described in the complaint are wholly fictitious, [See, e.g., *Grigg v. Southern Pacific Co*., 246 F.2d 613, 619 (9th Cir. 1957)]; (2) when the complaint contains no charging allegations against the Doe defendants, [See, e.g., *Chism v. National Heritage Life Ins. Co*., 637 F.2d 1328, 1330 (9th Cir. 1981)]; (3) when plaintiffs unequivocally abandon their claims against the Doe defendants, [See, e.g., *Southern Pac. Co. v. Haight*, 126 F.2d 900, 905 (9th Cir.), cert. denied, 317 U.S. 676, 63 S. Ct. 154, 87 L. Ed. 542 (1942)]; (4) when the complaint does not identify the Doe defendants with sufficient

PLAINTIFFS POINTS OF AUTHORITY IN SUPPORT MOTION TO REMAND

2

specificity, [See, e.g., *Hartwell Corp. v. Boeing Co.*, 678 F.2d 842, 843 (9th Cir. 1982)];  and, (5) when the Doe defendants are not indispensable parties, [See, e.g., *Othman*, 759 F.2d at 1463].

At the request of the three-judge panel, this Court agreed to hear the *Gary v. Ford* case en banc in order to develop a coherent standard in the Doe defendant area.  The Court now holds that the *presence of Doe defendants under California Doe defendant law destroys diversity and, thus, precludes removal* [Emphasis supplied].  The nature of the allegations against such Doe defendants is irrelevant for federal removal purposes.  [See *CTS Printex, Inc. v. American Motorists Ins. Co.*, 639 F. Supp. 1272, 1277 (N.D. Cal. 1986)].  We [the Court] overrule all of our cases creating exceptions to this general rule. [See, e.g., *Grigg, 246 F.2d at 619; Chism*, 637 F.2d at 1330;  *Hartwell*, 678 F.2d at 843;  *Othman,* 759 F.2d at 1463].  Under our new rule district courts will no longer have to make the near-impossible determination of when the allegations against Doe defendants are "specific" enough to defeat diversity. Instead, the 30-day time limit for removal contained in 28 U.S.C. § 1446(b) will not commence until all Doe defendants are either named, unequivocally abandoned by the plaintiff, or dismissed by the state court.  If a defendant attempts to remove a case prior to this time, the district court must remand the case to state court.  This new rule accommodates both a plaintiff's right under California law to a three-year extension of the statute of limitations and a defendant's statutory right to removal under 28 U.S.C. § 1441.

Like *Gary v. Ford*, this case contains Doe defendants as parties.  The Does defendants in Plaintiffs' complaint are believed to be California residents because they were identified as employees of Lowe's, which is in Yuba City, California, at the time of this incident.  Plaintiffs complaint even describes the employee who loaded the bags of concrete into their vehicle as a white, female, with brunette hair, approximately 5'6" in height, wearing blue jeans and a *Lowe's vest* [Emphasis supplied].

PLAINTIFFS POINTS OF AUTHORITY IN SUPPORT MOTION TO REMAND

3

It is unlikely that the Doe defendants would be diverse from Plaintiffs who are domiciled and residents of the State of California.

There are specific causes of action that have been plead against the Lowe's employee, an unknown Does defendant at this time, who negligently loaded bags of concrete into Plaintiffs' vehicle in a manner that caused them to break and spew concrete dust all over Plaintiffs and their vehicle resulting in property damage and bodily injuries.  Further, there are other Lowe's employees or agents that may also be named, once we can conduct discovery and determine their identities, who may have assisted or were responsible for negligent supervision, instructions and training of the employee that loaded Plaintiffs' vehicle with the bags of concrete.

It should further be noted, based on *Gary v. Ford*, under Circuit Judge Norris' opinion:  "It is always open to the nonresident defendant [Lowe's] to show that the resident defendant has not been joined in good faith and for that reason should not be considered in determining the right to remove." In this case, based on Lowe's pleadings, they have not undertaken this step.

Accordingly, because the complaint in this case contains valid Doe defendants as parties, that are more than likely non-diverse and will be named in the Complaint once they are identified, removal is premature.

### III. CONCLUSION

Accordingly, Plaintiffs request that this Court grant Plaintiffs' Motion to Remand this case back to the Superior Court of California, County of Sutter.


Respectfully submitted,


PLAINTIFFS POINTS OF AUTHORITY IN SUPPORT MOTION TO REMAND

Dated:  March 21, 2018               THE LAW OFFICES OF EDWARD MISLEH APC

                                          /s/ Edward/Misleh
                             By: _____
                                 EDWARD MISLEH, ESQ.
                                 Attorney for Plaintiffs:
                                 Paul Singh and Andrea Singh

PLAINTIFFS POINTS OF AUTHORITY IN SUPPORT MOTION TO REMAND