CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
DIANA M. RIVERA, ESQ.; STATE BAR NO.: 222025

**THARPE & HOWELL, LLP**
**15250 Ventura Blvd., Ninth Floor**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**
**E-Mail:** cmay@tharpe-howell.com
**E-Mail:** drivera@tharpe-howell.com

Attorneys for Defendant,
    LOWE'S HOME CENTERS, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SINGH and ANDREA SINGH,<br><br>Plaintiffs,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, and DOES 1 to 50, Inclusive,<br><br>Defendants. | Case No. 2:18-cv-00445-WBS-AC<br>[*Sutter County Superior Court; Case No.: CVCS17-0001866*]<br><br>**DEFENDANT LOWE'S HOME CENTERS, LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br><br>**Date:**　　　**May 14, 2018**<br>**Time:**　　　**1:30 p.m.**<br>**Courtroom: 5**<br>　　　　　**U.S. District Court**<br>　　　　　**501 I Street, 14th Floor**<br>　　　　　**Sacramento, CA 95814** |

Defendant LOWE'S HOME CENTERS, LLC (hereinafter "Defendant" or "Lowe's"), hereby submits its Opposition to Plaintiffs PAUL SINGH's and ANDREA SINGH's (hereinafter "Plaintiffs") Motion to Remand.

///
///
///
///
///
///
///

## I.   INTRODUCTION

Plaintiffs have brought this action against the sole named Defendant, Lowe's, and additionally against fictitious "doe" defendants, based upon an alleged adverse experience Plaintiffs Paul and Andrea Singh had at a Lowe's store.  Plaintiffs allege that bags of concrete were loaded into their vehicle by an employee, causing dust to get into their car.  Plaintiffs did not like the manner in which those bags were loaded, but have decided to turn this action into an intentional tort litigation.

Plaintiffs' present Motion to Remand is similarly misplaced, given that their Motion is based solely upon an erroneous contention that a "doe" defendant's citizenship should be considered in determining whether removal is proper.  As Congress' amendment to the United States Code and Ninth Circuit authority make clear, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title [28 USCS § 1332(a)], **the citizenship of defendants sued under fictitious names shall be disregarded.**" 28 U.S.C § 1441(b)(1) (emphasis added).  Plaintiffs are California residents.  The only named defendant in this action is Lowe's, a limited liability company with its only member being Lowe's Companies, Inc.  Lowe's Companies, Inc., is a North Carolina corporation, incorporated in North Carolina, with its principal place of business in North Carolina.  As such, complete diversity exists under 28 U.S.C. § 1332(a). Defendant's Notice of Removal at para. 19.

Plaintiffs filed their original Complaint on September 20, 2017, in the Superior Court of California, County of Sutter, naming only Defendant Lowe's and wholly fictitious defendants "Does 1 to 50."  Plaintiffs then amended the original Complaint and filed their First Amended Complaint (hereinafter "FAC") on or about November 22, 2017, which similarly named only Defendant Lowe's and fictitious "does."  On December 26, 2017, Defendant responded to Plaintiffs' FAC by filing a Demurrer and a Motion to Strike portions of Plaintiffs' First Amended Complaint, challenging punitive damages and attorneys' fees claims.  Defendant then filed its Notice of

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1  Removal on February 27, 2018, in the United States District Court, Eastern District of

2  California.  The operative Complaint is the First Amended Complaint.

3      Plaintiffs' Motion to Remand, Plaintiffs' Motion for Leave to File a Second

4  Amended Complaint, and Defendant's 12(b)(6) Motion to Dismiss are all set for

5  hearing before this Court on May 14, 2018.

6  **II.   REMOVAL IS PROPER AND PLAINTIFFS' MOTION SHOULD BE**

7  **DENIED**

8      **A. Plaintiffs' Motion Should Be Denied as It Misleads this Court in**

9      **Relying Completely upon a Case Superseded by Statute and**

10      **Subsequently Vacated**

11      Plaintiffs' Motion to Remand centers almost entirely upon the case *"Gary*

12  *Bryant, Plaintiff-appellant, v. Ford Motor Co., Defendant-appellee, 844 F.2d 602 (9th*

13  *Cir. 1988)* (sic)" which Plaintiffs refer to as *"Gary v. Ford,"* attached as **Exhibit A** to

14  the Declaration of Diana M. Rivera (hereinafter "Rivera Decl.").  Plaintiffs' Motion

15  to Remand at 2:3–10.  Plaintiffs' reliance upon this case is misguided and improper.

16  Bryant v. Ford Motor Co., 844 F.2d. 602 (9th Cir. 1987) was an *en banc* opinion issued

17  by the Ninth Circuit Court of Appeals, referred to as *"Bryant II,"* which was later

18  vacated by that same court in light of legislative amendment: "[T]he President signed

19  into law the Judicial Improvements and Access to Justice Act of 1988, Pub.L. 100-

20  107, 102 Stat. 4642 (1998) (the "Act").   Section 1016(a) of the Title X of the Act

21  contains an amendment to the removal statute that provides that does defendants do

22  not defeat diversity jurisdiction."  Bryant v. Ford Motor Co., 886 F.2d 1526 (9th Cir.

23  1989) (hereinafter "Bryant III") (vacating the opinion below and noting that following

24  the legislative amendment the Supreme Court vacated its grant of cert. and then denied

25  cert.) **(Exhibit B** to the Rivera Decl.).  "Section 1016(a) of the Act amends 28 U.S.C.

26  § 1441(a)[1] by adding the following sentence: '*For purposes of removal under this*

27

28

---

[1] The language referred to by the court appears in subsection (b) of the applicable removal statute:
"(b) Removal based on diversity of citizenship.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1  chapter, *the citizenship of defendants sued under fictitious names shall be*
2  *disregarded.*'" Bryant III at 1528 (emphasis added).  The Ninth Circuit found that
3  "Congress obviously reached the conclusion that doe defendants should not defeat
4  diversity jurisdiction," that the amendment controlled the case below, and they
5  "therefore, vacate [their] *en banc* opinion in *Bryant II* ordering the district court to
6  remand this case to the state court." Id. at 1528, 1531–32 (italics in original).

7      Plaintiffs' Motion asserts statements of law which are expressly in
8  contravention of the governing statutes and case law, as they are built upon the *Bryant*
9  *II* case which was superceded by statute.  Given Plaintiffs' sanctionable conduct in
10  citing invalid law to this Court and failing to provide any valid legal grounds for
11  remand, this Court should deny Plaintiffs' Motion to Remand.

12      **B. Pursuant to 28 U.S.C. § 1441(b), § 1332(a), and the Controlling Law,**
13      **Removal Is Proper and this Court Has Original Jurisdiction**

14      As recognized by the Ninth Circuit, generally, for the purposes of removal "the
15  citizenship of defendants sued under fictitious names shall be disregarded."  28
16  U.S.C. § 1441(b)(1).  The Ninth Circuit has further held that the inclusion of "doe"
17  defendants in a state court complaint has no effect on removability, as only the named
18  defendants are considered.  Newcombe v. Adolf Coors Co., 157 F.3d 686, 690–691
19  (9th Cir. 1998).  Complete diversity exists here under 28 U.S.C. § 1332(a).  Plaintiffs
20  are California residents.  The only named defendant in this action is a North Carolina
21  citizen.  There are no other named defendants in this action.  Defendant's Notice of
22  Removal at para. 19.  Thus, pursuant to 28 U.S.C. § 1441(b)(1) and 28 U.S.C. §
23  1332(a), there is complete diversity and removal is proper here.

24      Some district courts do not always disregard citizenship where the complaint
25  describes a "doe" defendant with detail, as in an Alabama district court's decision in
26

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

27  (1)  In determining whether a civil action is removable on the basis of the jurisdiction under section
28  1332(a) of this title [28 USCS § 1332(a)], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C § 1441(b)(1).

- 4 -

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1  Marshall v. CSX Transportation Co., Inc., 916 F. Supp. 1150, 1153 (1995).  Cf.

2  Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 948 (1994) ("It is clear that

3  'Jane Doe' is a fictitious name; no such real person was ever named, and plaintiff never

4  identified the alleged person who was 'EDS' Personnel Manager in Michigan in [sic]

5  within the time period covered.'  Section 1441(a) compels that this 'named' defendant

6  be disregarded for purposes of diversity jurisdiction.")  The Marshall court considered

7  the citizenship of a fictitious defendant, who was described in the complaint as an

8  employee engineer of a named defendant.  Id. at 1155.  However, Marshall is

9  distinguishable from the present case.  In Marshall, plaintiffs were bringing a motion

10  to amend the complaint to substitute into the case the discovered defendant, whereas

11  here, Plaintiffs are not seeking leave of court to add a new party.  Id. at 1153–54.

12  Though as in Marshall, Plaintiffs' operative Complaint describes an employee "as a

13  white, female, with brunette hair, approximately 5'6" in height, wearing blue jeans

14  and a shirt", the Marshall court's holding was based upon a balance of factors,

15  including: another employee train engineer was identified and named in the complaint

16  at the time the case was commenced; there were identical claims against both

17  engineers; there was a related state court case brought by a different plaintiff based

18  upon the same injuries; and, consolidation of those cases would work to serve judicial

19  economy.  Id. at 1155.  Here, there are no such similar factors.

20  **C. Plaintiffs' Pending Motion for Leave to File a Second Amended**

21  **Complaint Does Not Seek Leave to Join Another Defendant**

22  Plaintiffs' Motion for Leave to File a Second Amended Complaint only requests

23  leave to amend as to claims for punitive damages, attorneys' fees, and certain other

24  claims.  Nowhere in Plaintiffs' Motion for Leave do Plaintiffs request to join an

25  additional defendant to the action.  As such, even if this Court grants Plaintiffs' Motion

26  for Leave, or grants Plaintiffs leave to amend in ruling on the 12(b)(6) Motion to

27  Dismiss, Plaintiffs' amended complaint must be limited by the bases and requests in

28  each of the aforementioned motions.  As such, in considering whether removal is

- 5 -

proper, the only parties to the action are Plaintiffs (California residents) and Defendant (a North Carolina corporation).   Thus, there is complete diversity, and this Court should retain jurisdiction.

### D. Pursuant to 28 U.S.C § 1447(e), this Court May Properly Deny Joinder of a Nondiverse Party

Even if Plaintiffs allude to the possibility seeking leave to add a nondiverse party, the Ninth Circuit Court of Appeals decision in <u>Newcombe v. Adolf Coors Co.</u>, 157 F.3d 686, 690–691 (9th Cir. 1998) controls.   In <u>Newcombe</u>, the Ninth Circuit considered the question whether the federal district court has jurisdiction where a plaintiff contends that there is lack of complete diversity because defendants are aware plaintiff intends to add a nondiverse party that would destroy diversity.  <u>Id.</u> at 690. The court found that, even then, "[b]ecause the defendants did not act improperly and because the statutory requirements for removal were met, removal was proper."  <u>Id.</u> at 691.   28 U.S.C. § 1447(e) provides that if "after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The Ninth Circuit is clear that "[t]he language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder."  <u>Newcombe</u>, 157 F.3d at 691.   The Ninth Circuit found that the district court below did not abuse its discretion in denying plaintiff's motion to remand.   Similarly here, even if Plaintiffs plan to seek leave to join a nondiverse party later in the action, it would be within this Court's discretion to deny joinder pursuant to § 1447(e), and retain jurisdiction.

///
///
///
///
///
///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 6 -

**DEFENDANT LOWE'S HOME CENTERS, LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

## III.   CONCLUSION

Plaintiffs' Motion to Remand is meritless and devoid of valid legal support. Moreover, the governing statutes and case law, as described above, support a finding that removal is proper here and this Court should exercise jurisdiction.   Therefore, Defendant respectfully requests this Court deny Plaintiffs' Motion to Remand and to dismiss all "doe" defendants from the action.

Respectfully submitted,

Dated:  April 30, 2018                          THARPE & HOWELL, LLP

By:  _____
       CHARLES D. MAY
       DIANA M. RIVERA
       Attorneys for Defendant
       LOWE'S HOME CENTERS,
       LLC

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**DEFENDANT LOWE'S HOME CENTERS, LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

**DEFENDANT LOWE'S HOME CENTERS, LLC'S OPPOSITION TO PLAINTIFFS'
MOTION TO REMAND**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

Edward Misleh, Esq.                     Attorneys for Plaintiffs,
LAW OFFICES OF EDWARD MISLEH            PAUL SINGH and ANDREA SINGH
615 10th Street
Sacramento, CA  95814
(916) 443-1267; (916) 266-9403 - Fax

5.  a.  ____  **By personal service.**  I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.  (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

   b.  **X**  **By United States mail.**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

      (1)  ____  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

      (2)  **X**  placed the envelope for collection and mailing on the date shown below, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

      I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Sherman Oaks, California.

   c.  ____  **By overnight delivery.**  I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**DEFENDANT LOWE'S HOME CENTERS, LLC'S OPPOSITION TO PLAINTIFFS' MOTION
TO REMAND**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

d.  ____  **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service.

e.  ____  **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

f.  ____  **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6.  I served the documents by the means described in item 5 on *(date):*  ****

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | | |
|---|---|---|
| 4/30/18 | Belinda A. Porras | |
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

## DECLARATION OF MESSENGER

____  **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. I delivered the documents on the date shown below to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

At the time of service, I was at least 18 years of age. I am not a party to the above referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

ɪ:\29000-000\29074\Pleadings\Federal\OPP to Mtn to Remand.docx

DEFENDANT LOWE'S HOME CENTERS, LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND