CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
DIANA M. RIVERA, ESQ.; STATE BAR NO.: 222025

**THARPE & HOWELL, LLP**
15250 Ventura Blvd., Ninth Floor
Sherman Oaks, California 91403
(818) 205-9955; (818) 205-9944 fax
E-Mail: cmay@tharpe-howell.com
E-Mail: drivera@tharpe-howell.com

Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SINGH and ANDREA SINGH,<br><br>Plaintiffs,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, and DOES 1 to 50, Inclusive,<br><br>Defendants. | Case No. 2:18-cv-00445-WBS-AC<br>[*Sutter County Superior Court; Case No.:* CVCS17-0001866]<br><br>**DEFENDANT LOWE'S HOME CENTERS, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>Date:       May 14, 2018<br>Time:       1:30 p.m.<br>Courtroom: 5<br>           U.S. District Court<br>           501 I Street, 14th Floor<br>           Sacramento. CA 95814 |

Defendant LOWE'S HOME CENTERS, LLC (hereinafter "Defendant" or "Lowe's"), hereby submits its Opposition to Plaintiffs PAUL SINGH's and ANDREA SINGH's (hereinafter "Plaintiffs") Motion for Leave to File a Second Amended Complaint.

**I. INTRODUCTION**

This Court may deny Plaintiffs leave to amend their Complaint pursuant to the Federal Rules of Civil Procedure Rule 15(a)(2), even in light of the liberal discretionary standard, where the Court finds that even if Plaintiffs amend their operative Complaint, Plaintiffs still fail to state a claim upon which relief can be

- 1 -

granted. Here, Plaintiffs have attached to their moving papers a Proposed Second Amended Complaint (hereinafter "Proposed SAC"). Plaintiffs' Proposed Second Amended Complaint: 1) fails to cure the defects which are the subject of Defendant's Motion to Dismiss Pursuant to 12(b)(6), and 2) fails to state any claims upon which relief can be granted, given that Plaintiffs have failed to plead the necessary factual allegations sufficient enough to support two essential elements of each and every cause of action presented (with the exception of vicarious liability, which is not a cause of action): harm and causation.

## II. OPERATIVE FACTUAL ALLEGATIONS IN PLAINTIFFS' PROPOSED SECOND AMENDED COMPLAINT

Plaintiffs' Proposed Second Amended Complaint makes the following factual allegations. Plaintiffs purchased six, sixty pound (60 lbs.) bags of Quickrete concrete mix from Lowe's in Yuba City, California. Proposed SAC at ¶ 1. Plaintiffs took their vehicle to the loading area of the store. Id. at ¶ 2. Plaintiff Andrea searched for and met an employee who would load the six (6) bags of Quickrete concrete mix. See id. Plaintiffs describe the alleged employee as a female. Id. at ¶ 3. Plaintiff Paul suggested the female seek assistance as he "did hear [e]mployee complain about the weight." Id. at ¶ 4. The employee loaded the concrete mix in a "manner as to cause the bags to burst and spew concrete dust all over the interior of Plaintiffs' vehicle and Plaintiff Paul." Id. Plaintiff Paul allegedly told the employee "not to hurt his vehicle," and to get help because with each bag that was loaded into the vehicle "the SUV dropped or bounced." See id. at ¶ 5. Plaintiffs allege they told the employee to "stop or get help" because "she was getting cement dust everywhere including on Plaintiff Andrea, the [e]mployee, Plaintiff Paul, as well as inside the vehicle." Id. Plaintiffs then allege that the employee ignored them and told Plaintiff Paul that "she is a woman, she can do it, and continued to finish loading the concrete mix bags." Id.

Plaintiff Andrea then "returned to the passenger side of the SUV and got back in." Id. at ¶ 6. Then, Plaintiffs further allege, that after she got back into the vehicle,

she informed Plaintiff Paul that he was sitting in concrete dust. Id. "Plaintiff Paul became extremely upset and agitated . . . ." Id. So, they drove home, and then decided to contact the Lowe's store, rather than immediately addressing the alleged issue at the time and place of the incident. See id.

## III. PLAINTIFFS' PROPOSED SECOND AMENDED COMPLAINT FAILS TO CURE THE DEFECTS RAISED IN DEFENDANT'S 12(b)(6) MOTION

### A. Plaintiffs' Proposed Second Amended Complaint Makes Improper Claims for Punitive Damages Which Should Be Dismissed

Plaintiffs' Proposed Second Amended Complaint still seeks punitive damages in its prayer for relief. Proposed SAC at 14:5–6. As addressed in Defendant's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6), the claim for punitive damages is unsupported by the factual allegations in the operative First Amended Complaint. Such claim is similarly unsupported in the Proposed Second Amended Complaint.

Under California Civil Code section 3294(a), "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant." Civil Code Section 3294(c) explicitly defines "oppression," "fraud," and "malice." Oppression and malice require "despicable conduct" and a "conscious disregard" of either the rights or the safety of others. Civil Code Section 3294(c)(1)–(2). To recover punitive damages under section 3294, in actions for breach of an obligation not arising from contract, the alleged malice or oppression may be shown by a "conscious disregard" of the safety of others; that is to say, the plaintiff must establish that the defendant was: (1) aware of the probable dangerous consequences of his conduct, and (2) that he willfully and deliberately failed to avoid those consequences. Taylor v. Superior Court of Los

<u>Angeles County</u>, 24 Cal. 3d 890, 895 (1979).[1]

Even the strongest factual allegations in Plaintiffs' Proposed Second Amended Complaint, if taken as true on its face, fail to rise to the level of malice or oppression. Plaintiffs' strongest allegations are that the employee loaded the concrete mix in a "manner as to cause the bags to burst and spew concrete dust all over the interior of Plaintiffs' vehicle and Plaintiff Paul;" that Plaintiffs told the employee to "stop or get help" because "she was getting cement dust everywhere including on Plaintiffs and their vehicle; and that the employee ignored Plaintiffs and finished loading the vehicle. <u>See</u> Proposed SAC at ¶¶ 4–5. None of these allegations demonstrate that: (1) the employee was aware of any probable dangerous consequences of loading bags of cement that get dust into the vehicle as she was engaged to do by Plaintiff Andrea, or that (2) she willfully or deliberately failed to avoid such consequences, if any. The proposed complaint does not allege "probable dangerous consequences." Plaintiffs fail to allege any consequences, even more so, since the mere invocation of the term "exposure" remains unsupported by any actual allegations of causation. <u>See</u> Proposed SAC at 8–9. As such, none of the allegations support "despicable conduct" and a "conscious disregard" for Plaintiffs' rights and safety. Any claims for punitive damages is improper, given that Plaintiffs' factual allegations fail to support allegations of "malice" or "oppression," let alone, intent.

Thus, even if this Court grants Plaintiffs leave to amend the operative Complaint, Plaintiffs should not be permitted to assert punitive damages.

///

///

---

[1] In <u>Taylor</u>, on review of a sustained demurrer below, the California Supreme Court found that a "conscious disregard" constituted malice supporting punitive damages where plaintiff alleged the following facts in the complaint: that defendant was an alcoholic, drank to intoxication knowing that he had to operate a motor vehicle thereafter, was simultaneously driving while consuming an alcoholic beverage, had prior drunk driving convictions, was facing an additional pending criminal drunk driving charge at the time of the accident, and had previously caused other serious motor vehicle accidents. 24 Cal. 3d at 893–894.

**DEFENDANT LOWE'S HOME CENTERS, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

### B. Plaintiffs' Proposed Second Amended Complaint Fails to Plead Factual Allegations Supporting *Prima Facia* Causes of Action

For the same reasons Plaintiffs' punitive damages claim fails, Plaintiffs' causes of action fail, given the factual allegation upon which this action turns: An employee loaded bags of concrete mix in a "manner as to cause the bags to burst and spew concrete dust all over the interior of Plaintiffs' vehicle." Moreover, Plaintiffs fail to sufficiently state allegations supporting "exposure" [2] and causation, for any alleged harm, i.e., "coughing and sneezing."[3] Proposed SAC at ¶ 9. Without causation and harm, Plaintiffs cannot state a *prima facie* case for any of their causes of action, whether intentional or negligent. Therefore, Planitiffs' Second Amended Complaint would still be subject to a further motion to dismiss.

Thus, if this Court grants Plaintiffs' request for leave to file an amended complaint, the amended complaint must be limited to curing the defects asserted in Defendant's 12(b)(6) Motion.

///

///

///

---

[2] Plaintiffs appear to allege causes of actions based upon an exposure to a dusty product, which supposedly caused an injury, and even raise the specter of asbestos in the Proposed Second Amended Complaint. Plaintiffs fail to sufficiently allege any facts reaching the threshold pleading requirements of exposure to and injury from dust or chemicals, as carved out by a series of California case law. Plaintiffs' unwary allegations of toxic tort exposure are speculative, improper, and fail on the face of Plaintiffs' complaints.
   In the cases that govern this type of personal injury, the injured parties were exposed to substances, such as dust, on a regular basis, throughout years and decades. Usually these injured parties were tradesmen who worked with and around products for most of their lives, or were their spouses and loved ones. See, e.g., the following California Supreme Court cases, Rutherford v. Owens-Illinois, Inc., 16 Cal. 4th 953 (1997) and Bockrath v. Aldrich Chemical Co., 21 Cal. 4th 71 (1999). See also Jones v. ConocoPhillips Co., 198 Cal. App. 4th 1187 (2011).

[3] Though the Proposed Second Amended Complaint states that "Plaintiff Paul visited his health care provider complaining of chest pain, shortness of breath, cramping from his chest to his left arm, and continued coughing and sneezing . . . ." Plaintiffs fail to allege that these were actual manifestations of injury which Plaintiff Paul experienced as a result of any "exposure."

## IV. PLAINTIFFS' REMAINING CAUSES OF ACTION ALLEGED SPECIFICALLY AGAINST LOWE'S FOR "VICARIOUS LIABILITY" AND "NEGLIGENT SUPERVISION, INSTRUCTION, AND TRAINING" FAIL

### A. Vicarious Liability Is Not an Independent Cause of Action

Plaintiffs' cause of action for vicarious liability in the Proposed Second Amended Complaint fails to state a claim upon which relief can be granted because vicarious liability is not an independent cause of action. Vicarious liability is a theory of liability for holding an employer liable when the employee was negligent while in the course and scope of employment. Civil Code § 2338; Judicial Council of California Civil Jury Instruction (CACI), No. 3701 (2018 Ed.). It is not, and cannot be pled as a separate cause of action, which is what Plaintiffs are inappropriately attempting to do.

### B. Plaintiffs Fail to State a Claim for Negligent Supervision, Instruction, and Training Against Lowe's

Plaintiffs' Proposed Second Amended Complaint fails to state any facts sufficient to support a cause of action for negligent supervision, instruction, and training against Lowe's. Plaintiffs have failed to sufficiently plead elements for negligent supervision, instruction, and training. "Negligence liability will be imposed on an employer if it knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes." Phillips v. TLC Plumbing, Inc., 172 Cal.App.4th 1133, 1139 (2009). "To establish negligent supervision, a plaintiff must show that a person in a supervisorial position over the actor had prior knowledge of the actor's propensity to do the bad act." Z.V. v. County of Riverside, 238 Cal.App.4th 889, 902 (2015).

Plaintiffs have pled no facts in their Proposed Second Amended Complaint that an alleged Lowe's employee was unfit or incompetent, and that Lowe's knew or should have been aware of it. Plaintiffs have pled no facts suggesting the alleged employee posed a danger to Lowe's customers. Plaintiffs merely conclude that Lowe's

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

owed them a duty of care to properly supervise, instruct, and train "Defendant Lowe's Employee," which does not amount to a proper pleading of a cause of action for negligent supervision, instruction, and training. Proposed SAC at ¶ 60. In fact, given the allegations in the Proposed Second Amended Complaint, it appears that the alleged employee did not even know that she did anything wrong toward the Plaintiffs as she tapped on their window and smiled at them on their way out. Proposed SAC, p. 3, lines 3-4.

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiffs' Motion for Leave, and deny their request to file the Proposed Second Amended Complaint, attached to their moving papers. If this Court grants Plaintiffs leave to file an amended complaint, Defendants respectfully request that the Court order the Plaintiffs not to file the Proposed Second Amended Complaint, strike the punitive damages claim, and order Plaintiffs to cure the defects in the current operative First Amended Complaint.

Respectfully submitted,

Dated: April 30, 2018

THARPE & HOWELL, LLP

By: _____
CHARLES D. MAY
DIANA M. RIVERA
Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

**DEFENDANT LOWE'S HOME CENTERS, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

Edward Misleh, Esq.　　　　　　　　　　Attorneys for Plaintiffs,
LAW OFFICES OF EDWARD MISLEH　　　PAUL SINGH and ANDREA SINGH
615 10th Street
Sacramento, CA 95814
(916) 443-1267; (916) 266-9403 - Fax

5. a. ___ **By personal service.** I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

   b. **X** **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

   　(1) ___ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

   　(2) **X** placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

   c. ___ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

- 8 -

**DEFENDANT LOWE'S HOME CENTERS, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

d. ____ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service.

e. ____ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

f. ____ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by the means described in item 5 on *(date):* \*\*\*\*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 4/30/18 ~~3/16/18~~ | Belinda A. Porras | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

### DECLARATION OF MESSENGER

____ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. I delivered the documents on the date shown below to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

At the time of service, I was at least 18 years of age. I am not a party to the above referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\29000-000\29074\Pleadings\CAP POS.docx

**DEFENDANT LOWE'S HOME CENTERS, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221