CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
DIANA M. RIVERA, ESQ.; STATE BAR NO.: 222025

**THARPE & HOWELL, LLP**
**15250 Ventura Blvd., Ninth Floor**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**
E-Mail: cmay@tharpe-howell.com
E-Mail: drivera@tharpe-howell.com

Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SINGH and ANDREA SINGH,<br><br>Plaintiffs,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, and DOES 1 to 50, Inclusive,<br><br>Defendants. | Case No. 2:18-cv-00445-WBS-AC<br>Assigned to the Hon. William B. Shubb<br>[*Sutter County Superior Court; Case No.: CVCS17-0001866*]<br><br>**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT LOWE'S HOME CENTERS, LLC'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)**<br><br>Date:        May 14, 2018<br>Time:       1:30 p.m.<br>Courtroom: 5<br>U.S. District Court<br>501 I Street, 14th Floor<br>Sacramento, CA 95814 |

COMES NOW Defendant, Lowe's Home Centers, LLC, and hereby submits the following Reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), or, in the alternative, Motion for a More Definite Statement pursuant to Federal Rules of Civil Procedure 12(e).

///
///
///
///

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiffs' Opposition does nothing more than provide the Court with a recitation of the Federal Rules of Civil Procedure, Rule 8, without addressing any of the patent defects in Plaintiffs' First Amended Complaint (hereinafter "FAC" or "operative Complaint"), raised by Defendant's Motion. The Opposition fails to apprise the Court and Defendant of whether the factual allegations in the operative Complaint rise to the requisite heightened pleading standard, so as to be sufficient to state any claims upon which relief can be granted.

Regardless of the heightened pleading standard in Federal court, Plaintiffs do not even meet the lower, state pleading standard. First, Plaintiffs fail to sufficiently allege any conduct or exposure resulting in harm. Second, Plaintiffs fail to sufficiently allege causation. Given that conduct causing actual harm is an element of every tort alleged in Plaintiffs' Complaint, all of Plaintiffs' claims fail because they do not state a *prima facie* case for any causes of action.

As such, pursuant to Fed. R. Civ. Proc. 12(b)(6), Defendant respectfully requests this Court dismiss Plaintiffs' First Amended Complaint in its entirety because it fails to state a claim upon which relief can be granted for insufficient factual allegations. Alternatively, Defendant moves for a more definite statement pursuant to Fed. R. Civ. Proc. 12(e) for Plaintiffs to clarify their claims so that Defendant may reasonably respond.

## II. THE OPERATIVE COMPLAINT FAILS TO STATE ANY FACTS SUFFICIENT TO SUPPORT PLAINTIFFS' NEGLIGENCE CAUSES OF ACTION, LET ALONE INTENTIONAL ONES

As this Court is aware, under the heightened federal pleading standard, a plaintiff is obligated to provide more than merely "labels and conclusions" or a "formulaic recitation of the elements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Williston Basin Interstate Pipeline Co. v. Exclusive Gas Storage Leasehold & Easement in the

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

Cloverly Subterranean Geological Formation, 524 F.3d 1090, 1096 (9th Cir. 2008) (citing Twombly). The complaint must allege sufficient facts to "state a claim to relief that is *plausible* on its face." Iqbal, 556 U.S. at 678 (emphasis added). Factual allegations must be enough to raise a right to relief that rises above a "speculative level." Twombly, 550 U.S. at 555. Courts are not bound to accept as true "a legal conclusion couched as a factual allegation," but may disregard conclusory allegations and unreasonable inferences. Iqbal, 556 U.S. at 678; see Transphase Sys. v. Southern Cal. Edison Co., 839 F. Supp. 711, 718 (C.D. Cal. 1993).

### A. The Operative Complaint Fails as the Factual Allegations Are Merely Couched Conclusions

Defendant has pointed out in its Motion the salient factual allegations upon which Plaintiffs build their causes of action. Even the strongest factual allegations plead in support of Plaintiffs' causes of action fail to sufficiently support any of the negligence-based causes of action. Plaintiffs allege that "Plaintiff Paul did suggest the [e]mployee seek assistance." FAC at ¶ 3. Plaintiffs allege that "[e]mployee refused and began loading the concrete mix in such a manner as to cause the bags to burst and spew concrete dust all over the interior of Plaintiff's vehicle and Plaintiffs." Id. Plaintiffs further allege that Plaintiff Andrea "tried to stop the [e]mployee, but [e]mployee continued to load until all of the concrete mix had been loaded." Id. These factual allegations fail to plead any unreasonable action or conduct on the part of Lowe's going to duty or breach.

Plaintiffs then allege "exposure to the concrete dust." FAC at ¶ 5. Simply pleading an "exposure" does not allege that Plaintiffs were exposed to any harmful conduct or substance. Such a factually devoid and conclusory allegation cannot support an inference that harm was caused by any contact or conduct. Given that Plaintiffs have failed to allege facts showing causation and harm, Plaintiffs' claims fail.

Furthermore, for the reasons articulated above, Plaintiffs' causes of action for vicarious liability, and negligent supervision, instruction, and training fail to plead facts sufficient to support claims for relief which are plausible on their face. Plaintiffs' entire FAC fails to state any claims upon which relief can be granted against Defendant Lowe's, and the entire FAC is also uncertain as against Lowe's. Therefore, Lowe's respectfully requests that this Court dismiss Plaintiffs' FAC in its entirety.

### B. The Operative Complaint Fails to State Facts Supporting a Punitive Damages Claim

As cited in the Defendant's moving papers, California Civil Code section 3294(a) establishes the standard a plaintiff must meet to recover for punitive damages: "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant."

California Civil Code section 3294(b) expressly states that to hold an employer (i.e., Lowe's) liable for exemplary or punitive damages, the malice, fraud, or oppression must be authorized (in advance), ratified (after the fact), or actually engaged in by someone who is an "officer, director, or managing agent." In other words, Lowe's can never be liable in punitive damages for the tortious acts of a store level employee unless it directed the employee to engage in the intentionally tortious act, or it ratified the conduct after the fact. Here, there are no such allegations to hold Lowe's liable for exemplary damages.

Moreover, under section 3294 in actions for breach of an obligation not arising from contract, the alleged malice or oppression may be shown by a "conscious disregard" of the safety of others; that is to say, the plaintiff must establish that the defendant was (1) aware of the probable dangerous consequences of his conduct, and (2) that he willfully and deliberately failed to avoid those consequences. Taylor v. Superior Court of Los Angeles County, 24 Cal. 3d 890, 895 (1979). As the court stated

in Taylor, "ordinarily, routine negligent or even reckless disobedience of traffic laws would not justify an award of punitive damages." Id., at 899–900; see also G.D. Searle & Co. v. Superior Court, 49 Cal.App.3d 22, 32 (1975).

Plaintiffs' factual allegations do not pass the Taylor test. There are no factual allegations pled anywhere in the operative Complaint that describe conduct which rises to the level of willful, conscious disregard for any probable dangerous consequences. The facts alleged in Plaintiffs' FAC are insufficient to show the level of "malice" or "conscious disregard" as contemplated by Civil Code § 3294 against the "Defendant Employee." Thus Plaintiffs' FAC cannot support punitive damages claims, and Plaintiffs' punitive damages claim fails on the face of the Complaint.

### III. THIS COURT SHOULD DISMISS THE COMPLAINT WITHOUT LEAVE TO AMEND, BUT EVEN IF THE COURT DOES GRANT LEAVE, PLAINTIFFS' PROPOSED SECOND AMENDED COMPLAINT FAILS TO CURE THE DEFECTS AT ISSUE IN THIS MOTION

Plaintiffs' factual allegations fail to support the causes of action in the FAC, and Plaintiffs make substantially the same factual allegations in order to support the same causes of action in the Proposed Second Amended Complaint (hereinafter "SAC"). Plaintiffs' causes of action fail, given the factual allegation upon which this action turns: An employee loaded bags of concrete mix in a "manner as to cause the bags to burst and spew concrete dust all over the interior of Plaintiffs' vehicle." Moreover, Plaintiffs fail to sufficiently state allegations supporting "exposure" and causation, for any alleged harm, i.e., "coughing and sneezing."[1] Proposed SAC at ¶ 9. Plaintiffs cannot state a *prima facie* case for any of their causes of action, whether intentional or negligent. Therefore, Plaintiffs' Second Amended Complaint would still be subject to

---

[1] The operative Complaint and the Proposed SAC states that "Plaintiff Paul visited his health care provider complaining of chest pain, shortness of breath, cramping from his chest to his left arm, and continued coughing and sneezing . . . ." FAC at ¶ 5. Plaintiffs fail to allege that these were actual manifestations of injury which Plaintiff Paul experienced as a result of any "exposure."

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

a further motion to dismiss. Thus, given the foregoing, Lowe's Motion should be granted, without leave to amend by filing of Plaintiffs' Proposed SAC. Furthermore, Plaintiffs should be precluded from claiming attorneys' fees in the next amended complaint, as Plaintiffs represented in their Opposition that Plaintiffs would remove the attorneys' fees claims if allowed to amend. See Opposition at 12:12–14.

## IV. CONCLUSION

Based on the foregoing, Plaintiffs have not alleged a single viable cause of action against Defendant Lowe's, and Lowe's respectfully requests that its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) be granted in its entirety. In the alternative, Defendant Lowe's respectfully requests that the Court order Plaintiffs to amend their FAC to provide a more definite statement as to their causes of action pursuant to Fed. R. Civ. P. 12(e).

Dated: May 7, 2018                                    THARPE & HOWELL, LLP

                                                      /s/ Diana M. Rivera
                                            By: _____
                                                      CHARLES D. MAY
                                                      DIANA M. RIVERA
                                                      Attorneys for Defendant
                                                      LOWE'S HOME CENTERS, LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service I was at least 18 years of age and **not a party to this legal action**.

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT LOWE'S HOME CENTERS, LLC's, MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

Edward Misleh, Esq.                      Attorneys for Plaintiffs,
LAW OFFICES OF EDWARD MISLEH             PAUL SINGH and ANDREA SINGH
615 10th Street
Sacramento, CA 95814
(916) 443-1267; (916) 266-9403 - Fax

5. a. ___ **By personal service.** I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

   b. **X** **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

   (1) ___ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

   (2) **X** placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

   c. ___ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

- 7 -
REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT LOWE'S HOME CENTERS, LLC'S
MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B)(6)

d. \_\_\_ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service.

e. \_\_\_ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

f. \_\_\_ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by the means described in item 5 on *(date)*: \*\*\*\*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 5/7/18 | Bertha Munoz | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\29000-000\29074\Pleadings\Federal\12b6 Reply (final).docx