UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SINGH and ANDREA SINGH,<br><br>    Plaintiffs,<br><br>    v.<br><br>LOWE'S HOME CENTERS, LLC, and DOES 1-50, inclusive<br><br>    Defendants. | CIV. NO. 2:18-445 WBS AC<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS, MOTION TO REMAND, AND MOTION TO FILE SECOND AMENDED COMPLAINT |

        Plaintiffs Paul Singh and Andrea Singh initiated this action against defendants Lowe's Home Centers, LLC ("Lowe's) and Does 1 through 50, bringing claims for assault, battery, intentional infliction of emotional distress, negligence, vicarious liability, and negligent supervision, instruction, and training. (First Amended Compl. ("FAC") (Docket No. 1., Ex. B).) Presently before the court are plaintiffs' Motion to Remand (Docket No. 7); plaintiffs' Motion for Leave to File a Second Amended Complaint (Docket No. 9); and Lowe's Motion to Dismiss or, in the alternative, for More Definite Statement (Docket No. 4).

1

I.  <u>Motion to Remand</u>

Generally, jurisdiction is a preliminary matter that should be resolved before all others. <u>Smith v. Mail Boxes, Etc.</u>, 191 F. Supp. 2d 1155, 1157 (E.D. Cal. 2002)("[J]urisdictional issues should be resolved before the court determines if a stay is appropriate."). Accordingly, the court will first address plaintiff's Motion to Remand.

A.  <u>Legal Standard</u>

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . where such action is pending." 28 U.S.C. § 1441(a). However, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). On a motion to remand, the defendant bears the burden of showing by a preponderance of the evidence that federal jurisdiction is appropriate. <u>Geographic Expeditions, Inc. v. Estate of Lhotka</u>, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation omitted).

B.  <u>Discussion</u>

Federal courts have original jurisdiction over cases where complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). To satisfy the requirements for complete diversity, "each of the plaintiffs must be a citizen of a different state than each of the defendants." <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1067 (9th Cir. 2001) (citing <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996)).

Plaintiffs initiated this case in Sutter County Superior Court, and Lowe's removed it to federal court, alleging that "it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00," and additionally alleging that "the action is between citizens of different states." (Notice of Removal (Docket No. 1) ¶ 17.) Defendants include Lowe's, the sole named defendant, as well as Does 1 through 50. It is undisputed that plaintiffs were, and presently remain, residents of California, while Lowe's is a citizen of North Carolina. (Id. ¶¶ 18-19.)

Plaintiffs argue that the presence of doe defendants destroys complete diversity and thus precludes removal. However, it is well established that "[i]n determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). From this language, the Ninth Circuit has concluded that "Congress obviously reached the conclusion that doe defendants should not defeat diversity jurisdiction." Bryant v. Ford Motor Co., 886 F.2d 1526, 1528 (9th Cir. 1989). Therefore, because the court will disregard the citizenship of all doe defendants, it concludes that complete diversity exists under 28 U.S.C. § 1332(a). Further, there is no debate regarding the satisfaction of the $75,000 requirement. Accordingly, the court concludes that this action was removable and will deny plaintiffs' Motion to Remand.

It is possible that plaintiffs may later seek leave to add a nondiverse party. In the event that occurs, "the court may

deny joinder, or permit joinder and remand the action to the State court." Newcombe v. Adolf Coors Co., 157 F.3d 686, 690 (9th Cir. 1998)(explaining that if after removal plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, court has discretion to deny).

II. Leave to Amend

    A. Legal Standard

Federal Rule of Civil Procedure 15 empowers parties to agree to amendments and alternatively directs the court to freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Whether to grant or deny leave to amend is within the discretion of the district court. Foman v. Davis, 371 U.S. 178, 182 (1962).

    B. Discussion

Courts commonly consider four factors when deciding whether to grant a motion for leave to amend a complaint: (1) bad faith on the part of the movant; (2) undue delay in filing the motion; (3) prejudice to the opposing party; and (4) the futility of the proposed amendment. Roth v. Garcia Marquez, 942 F.2d 617, 628 (9th Cir. 1991). Absent a strong showing of any of these factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Here, the court does not find that plaintiff unduly

4

delayed proceedings or acted in bad faith.  Further, prejudice generally only exists where amendment will significantly hinder a defendant's ability to defend against the plaintiff's claims, as in cases where discovery has already been completed or when the amendment will require relitigation of significant issues.  See Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1161 (9th Cir. 1989); see also Georgiou Studio, Inc. v. Boulevard Invest, LLC, 663 F. Supp. 2d 973, 978 (D. Nev. 2009).  In this case, the court has not yet issued a scheduling order--no discovery has occurred and no trial date has been set.  Because of this, there is no indication that defendants would be prejudiced by the amendment.

Defendants' final argument regarding futility is also insufficient to overcome the presumption in favor of amendment.  A court need not deny plaintiff's motion for leave to amend based on futility alone.  Argueta v. J.P. Morgan Chase, Civ. No. 2:11-411 WBS GGH, 2011 WL 4006686, at *1 (E.D. Cal. Sept. 8, 2011)(citing Duhn Oil Tool, Inc. v. Cooper Cameron Corp., No. CV-F-05-1411 OWW GSA, 2010 WL 596312, at *14 (E.D. Cal. Feb. 16, 2010) ("[D]enial on [the ground of futility] is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").)  Accordingly, the court will grant plaintiffs' Motion for Leave to Amend.

III.   Lowe's Motion to Dismiss

Lowe's has moved to dismiss plaintiffs' First Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to to Federal Rule of Civil Procedure 12(b)(6),

or, in the alternative, Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e). Because the court will grant plaintiffs' Motion for Leave to Amend, it will deny as moot Lowe's Motion to Dismiss and will defer consideration of any challenges to the merits until after plaintiffs have filed their second amended complaint.

IT IS THEREFORE ORDERED that plaintiffs' Motion to Remand (Docket No. 7) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiffs' Motion for Leave to File a Second Amended Complaint (Docket No. 9) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Lowe's Motion to Dismiss or, in the alternative, for More Definite Statement (Docket No. 4) be, and the same hereby is, DENIED as moot.

Plaintiffs are ordered to file their Second Amended Complaint within ten days of the date this Order is filed.

Dated: May 10, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE