UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

---

PAUL SINGH and ANDREA SINGH,

    Plaintiffs,

    v.

LOWE'S HOME CENTERS, LLC, and DOES 1-50, inclusive

    Defendants.

CIV. NO. 2:18-445 WBS AC

<u>MEMORANDUM AND ORDER RE: MOTION TO DISMISS AND MOTION TO FILE THIRD AMENDED COMPLAINT</u>

---

    Plaintiffs Paul Singh and Andrea Singh initiated this action against defendants Lowe's Home Centers, LLC ("Lowe's) and Does 1 through 50, bringing claims for assault, battery, intentional infliction of emotional distress, negligence, vicarious liability, and negligent supervision, instruction, and training. (Second Amended Compl. ("SAC") (Docket No. 17).) Presently before the court is defendant Lowe's' Motion to Dismiss plaintiffs' Second Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 18).

I.   <u>Factual and Procedural Background</u>

    According to the allegations of the SAC, on September

1

24, 2015, plaintiffs went to Lowe's and purchased 6 bags of concrete mix weighing 60 pounds each. (SAC ¶ 1.) Plaintiff Andrea asked an employee ("Employee") to load the bags into plaintiffs' car. (Id. ¶ 2.) When Employee began loading the bags, plaintiff Paul, who was sitting in the driver's seat, heard Employee complain about the weight, and he suggested that Employee seek assistance. (Id. ¶ 4.) Employee refused, and continued to load the bags in such a way as to cause the bags to burst and spew concrete dust all over the inside of plaintiffs' vehicle, as well as on Paul. (Id.) Andrea also noticed that the bags were breaking as Employee threw them into the vehicle. (Id.) When Employee had finished loading the bags, she tapped on the passenger window of plaintiffs' car, smiled, gave a thumbs up, and walked away from the vehicle. (Id. ¶ 5.)

At this point, plaintiff Paul became very upset and plaintiffs drove home. (Id. ¶ 6.) Once home, Paul called the Lowe's store manager to complain. (Id. ¶ 7.) The following day, Paul called the Lowe's corporate office to reassert his complaint. Lowe's attempted to compensate plaintiffs by offering them twenty bags of concrete mix for $0.10 a bag, but plaintiffs refused the offer. (Id.)

Shortly after the event, plaintiffs began sneezing and coughing. (Id. ¶ 9.) On October 7, 2015, Paul visited his health care provider complaining of chest pain, shortness of breath, cramping in his chest and left arm, and continued coughing and sneezing. (Id.) On October 23, 2015, Andrea visited her health care provider as well, complaining of wheezing. (Id.) Plaintiffs have continued to seek medical

2

treatment since the event. (Id. ¶ 10.)

Additionally, plaintiffs' car has been "deemed unsafe" and totaled by their insurance carrier. (Id. ¶ 8.) On October 1, 2015, Jen Holt, the Detail Manager at Larry Geweke Ford, informed plaintiffs that because of "the exposure of asbestos and cement which is now throughout the vehicle, including the headliner and the vent system, it is a health hazard for" her employees to provide services on the vehicle. (Id. ¶ 12.) Because the vehicle was seemingly not repairable, it had to be totaled along with everything in it. (Id. ¶ 12.)

On March 5, 2018, Lowe's filed a Motion to Dismiss. (Docket No. 4). Two weeks later, on March 21, 2018, plaintiffs filed a Motion for Leave to File a Second Amended Complaint (Docket No. 9) as well as a Motion to Remand (Docket No. 7). On May 10, 2018, the court denied the Motion to Remand, granted the Motion for Leave, and denied as moot the Motion to Dismiss. (Docket No. 16.) The court ordered plaintiffs to file a Second Amended Complaint within ten days. Plaintiffs complied and filed their Second Amended Complaint on May 16, 2018. (Docket No. 17.)

II. Legal Standard

On a Rule 12(b)(6) motion, the inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the plaintiff has stated a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Under this standard, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

III. Discussion

    A.   Assault and Battery

The elements necessary to plead a cause of action for assault are: (1) defendant acted with intent to cause harmful or offensive contact, or threatened to touch plaintiff in a harmful or offensive manner; (2) plaintiff reasonably believed he/she was about to be touched in a harmful or offensive manner or it reasonably appeared to plaintiff that defendant was about to carry out the threat; (3) plaintiff did not consent to defendant's conduct; (4) plaintiff was harmed; and (5) defendant's conduct was a substantial factor in causing plaintiff's harm. So v. Shin, 212 Cal. App. 4th 652, 668-69 (2nd Dist. 2013).

Here, plaintiffs have failed to plead any facts indicating that they were in fear of an imminent harmful contact or touching. Instead, they seem to allege facts demonstrating that they had no fear, or even knowledge, of an imminent contact or touching. Neither plaintiff exited the car for fear of continued contact with the cement dust while Employee was loading the bags, and in fact plaintiffs continued to drive home without removing the cement bags. Moreover, there is no indication that Employee intended to cause any type of harm or that she was even

4

aware that she was potentially causing harm.  Accordingly, the
SAC fails to state a claim for assault.

The essential elements of a cause of action for battery
are similar: (1) defendant touched plaintiff, or caused plaintiff
to be touched, with the intent to harm or offend plaintiff; (2)
plaintiff did not consent to the touching; (3) plaintiff was
harmed or offended by defendant's conduct; and (4) a reasonable
person in plaintiff's position would have been offended by the
touching.  Here, there is no allegation of a touching of
plaintiffs' persons, much less than one that was harmful or
offensive.  And even if the spewing of the dust could be deemed a
touching, there is no allegation that it was intentional.
Accordingly, the SAC also fails to state a claim for battery.

B. Intentional Infliction of Emotional Distress

The elements necessary to plead a cause of action for
intentional infliction of emotional distress are: (1) extreme and
outrageous conduct by the defendant with the intention of
causing, or reckless disregard of the probability of causing,
emotional distress; (2) the plaintiff's suffering severe or
extreme emotional distress; and (3) actual and proximate
causation of the emotional distress by defendant's outrageous
conduct.  Christensen v. Superior Court, 54 Cal. 3d 868, 903
(1991).  A defendant's conduct is considered outrageous "when it
is so extreme as to exceed all bounds of that usually tolerated
in a civilized community.  The defendant's conduct must be
'intended to inflict injury or engaged in with the realization
that injury will result.'"  Hughes v. Pair, 46 Cal. 4th 1035,
1050-51 (2009).

5

Here, even when the court accepts plaintiffs' allegations as true, defendant did not engage in any conduct that could be considered so extreme as to exceed all bounds of conduct tolerated in a civilized community. Accordingly, plaintiffs fail to state a claim of intentional inflection of emotional distress, and this claim must be dismissed.

C. Negligence

The elements necessary to plead a negligence cause of action are: (1) a legal duty to use due care; (2) a breach of that legal duty; and (3) the breach is the proximate or legal cause of the resulting injury. Ladd v. County of San Mateo, 12 Cal. 4th 913, 917 (1996). The allegations of the SAC regarding duty and breach are sufficient. The dispute appears to be solely whether the alleged actions were the cause of the resulting injury. The court concludes that the facts alleged are sufficient to support the element of causation, and therefore the court will deny defendant's Motion to Dismiss the negligence claim.

D. Vicarious Liability

"[A]n employer may be held vicariously liable for torts committed by an employee within the scope of employment." Mary M. v. City of Los Angeles, 54 Cal. 3d 202, 208, 814 P.2d 1341, 1343 (1991). Here, Employee was clearly acting within the scope of her employment as she loaded the concrete mix bags into plaintiffs' vehicle. Because the court has determined that the allegations are sufficient to state a cause of action for negligence against Employee, it further concludes that the Complaint is sufficient to hold Lowe's vicariously liable for

Employee's negligence in loading the concrete bags. Accordingly, the court will deny defendant's Motion to Dismiss plaintiffs' vicarious liability claim.

    E. Negligent Supervision, Instruction, and Training

  "An employer may be liable to a third person for the employer's negligence in hiring or retaining an employee who is incompetent or unfit." Phillips v. TLC Plumbing, Inc., 172 Cal. App. 4th 1133, 1139 (4th Dist. 2009), citing Roman Catholic Bishop v. Superior Court 42 Cal. App. 4th 1556, 1564-1565 (4th Dist. 1996). "Negligence liability will be imposed on an employer if it knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes." Id. "To establish negligent supervision, a plaintiff must show that a person in a supervisorial position over the actor had prior knowledge of the actor's propensity to do the bad act." Z.V. v. County of Riverside, 238 Cal. App. 4th 889, 902 (4th Dist. 2015).

  Plaintiffs have failed to plead any facts suggesting that a Lowe's employee was somehow unfit or incompetent, or that Lowe's knew or should have been aware of any such incompetence or propensity to act in a certain way. Instead, plaintiffs simply state that Lowe's owed them a duty of care to properly supervise, instruct, and train Employee. (SAC ¶ 60.) This bare allegation is insufficient to state a cause of action for negligent supervision, instruction, or training, and thus this claim must be dismissed.

///

1 | IT IS THEREFORE ORDERED that defendant's Motion to
2 | Dismiss (Docket No. 18) be, and the same here is, GRANTED as to
3 | the first, second, third, and sixth causes of action. The fourth
4 | and fifth causes of action for negligence and vicarious liability
5 | remain. Plaintiffs have twenty days from the date this Order is
6 | signed to file a Third Amended Complaint, if they can do so
7 | consistent with this Order.

Plaintiffs' Motion for Leave to File a Third Amended Complaint (Docket No. 23) is therefore moot.

Dated: July 24, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE